IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIAN MILLER, *et al.*,<br><br>        Plaintiffs,<br><br>v.<br><br>COMPUTER SCIENCES CORPORATION,<br><br>        Defendant. | Civil Action No. 05-010-JJF |

**JOINT STIPULATION AND PROTECTIVE ORDER REGARDING
PRODUCTION AND USE OF CONFIDENTIAL INFORMATION**

Defendant, Computer Sciences Corporation, ("Defendant") and Plaintiffs, Brian Miller, Hector Calderon, Charles Folwell, Rolland Green, Dawn M. Hauck, Kevin Keir, Ashby Lincoln, Karen Masino, Robert W. Peterson, Susan M. Pokoiski, Dan P. Rollins and William Sperati, by their undersigned counsel, submit this Joint Stipulation and Protective Order Regarding Production and Use of Confidential Information ("Protective Order") for approval by the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. The parties agree to and shall be governed as follows:

    1.    This Protective Order governs the handling of designated discovery material produced by Defendant or its counsel to Plaintiffs or their counsel in this case, as well as documents and information provided by non-parties. Discovery material includes documents, interrogatory answers, responses to requests for production, responses to requests for admission, deposition testimony, and other written, recorded, or graphic matter produced by Defendant or its counsel or non-parties. For purposes of this Protective Order, "Confidential Information" includes any and all of Defendant's trade

secrets or other confidential, business, commercial or financial information in accordance with Rule 26(c)(7) of the Federal Rules of Civil Procedure, personnel files and related personnel information and documents, and all documents otherwise designated by Defendant as "CONFIDENTIAL" under this Protective Order.

2. Plaintiffs are prohibited from making copies of any Confidential Information, or portion thereof, except for use in this litigation. Confidential Information shall be held in strictest confidence, shall be kept securely, and shall be used solely for the purpose of prosecution or defense of this litigation and not for any other purpose.

3. Defendant or its counsel may designate as "CONFIDENTIAL" any document, writing, transcript, or other information produced through formal or informal discovery or otherwise in the course of this litigation, whether produced by a party to this action or by a non-party, by stamping the word "CONFIDENTIAL" on such document. Such designation shall, without more, subject the information produced to the provisions of this Protective Order. If, subsequent to Plaintiffs' or their counsel's receipt of information designated "CONFIDENTIAL," it appears to Plaintiffs or their counsel that the information is not of a nature to warrant the protection afforded hereunder, Plaintiffs or their counsel may challenge the designation by first notifying counsel for Defendant in writing and providing the reasons for the challenge. If an agreement as to the designation is not reached within fifteen (15) days after such notice is given, Plaintiff's may bring a noticed motion to be relieved of the obligations under this Protective Order as to any such information.

4. Portions of any transcript mentioning, quoting, or referring to Confidential Information may be designated "CONFIDENTIAL." Should Defendant desire to designate

as "CONFIDENTIAL" any portion of a deposition transcript (whether by a party or a non-party) referring to or mentioning Confidential Information, Defendant will have twenty-one (21) business days from receipt of the transcript in which to designate the specific pages and lines of the transcript as "CONFIDENTIAL." Until the expiration of the 21-day period of time to make "CONFIDENTIAL" designations, the entire transcript shall be treated as confidential.

5. Confidential Information shall be made available by Plaintiff's only to "Qualified Persons" who, in addition to any applicable requirements set forth below, and with the exception of those individuals identified in subsections (a) and (d) of this paragraph, have been provided with a copy of this Protective Order and agreed to be bound thereto by execution of Exhibit A to this Protective Order ("Promise of Confidentiality"). Should Counsel for Plaintiffs intend to provide Confidential Information to a Qualified Person they shall provide counsel for Defendant a copy of any Promise of Confidentiality executed by the Qualified Person prior to the time of disclosure of such Confidential Information to that person. No other person shall have access to Confidential Information without approval of Defendant or without approval of the Court, nor shall any such other person be informed of such Confidential Information by any person having access to it. "Qualified Persons" as used herein means: (a) counsel for the parties, and their co-counsel, partners, associates, and employees who actually are assisting in the litigation; (b) experts and consultants retained or employed to consult with, advise, or assist counsel in the preparation or trial of this action; (c) the parties; (d) the Court and officers of the Court in accordance with the provisions of paragraph 8; and (e) deposition witnesses in accordance with the provisions of this paragraph. Confidential Information may be made

available by Plaintiff to any prospective deposition witness only at his/her deposition and only after he/she has read and agreed on the record to be bound by the provisions of this Protective Order as set forth above.

6. Plaintiffs shall be responsible for limiting distribution of Confidential Information to those persons who: (i) have a need to know the information; and (ii) are otherwise authorized to receive the information under this Protective Order. Plaintiffs and their counsel shall be prepared to account for the disposition and use of Confidential Information by those persons. Qualified Persons who testify at a deposition and who receive Confidential Information shall be advised by counsel for Plaintiffs that they must not reveal or discuss Confidential Information to or with any person who is not a Qualified Person under this Protective Order.

7. If Defendant through inadvertence produces or provides discovery of any Confidential Information without designating such disclosed information as "CONFIDENTIAL" as provided for in this Protective Order, Defendant may give written notice to Plaintiffs that the document, thing, or other information, response, or testimony is Confidential Information and should be treated as Confidential Information in accordance with the provisions of this Protective Order. Plaintiffs must treat such documents, things, information, responses, and testimony as Confidential Information from the date such notice is received, subject to the provisions of paragraph 3. Disclosure of such documents, things, information, responses, or testimony prior to receipt of such notice to persons not authorized to receive Confidential Information shall not be deemed a violation of this Protective Order; however, upon receipt of such notice, Plaintiffs promptly shall retrieve all such Confidential Information disclosed to anyone

who is not entitled to access to Confidential Information under this Protective Order, and absent a challenge to the designation of such Confidential Information, destroy said Confidential Information and notify Defendant that all such Confidential Information has been retrieved and/or destroyed.

8. In the event that any Plaintiff wishes to file with the Court any Confidential Information in this litigation, such Confidential Information shall be filed under seal, unless that requirement is waived by Defendant. With the filing of any Confidential Information Plaintiff(s) shall simultaneously submit a motion and accompanying order, which shall include: (a) the proposed reason(s) supported by specific factual representations to justify the sealing; (b) an explanation why alternatives to sealing would not provide sufficient protection; and (c) a provision permitting the Clerk of Court to return to the filing party's counsel or to destroy any sealed material at the conclusion of this action as defined in paragraph 10.

9. Without losing the confidentiality of any Confidential Information, any material stamped "CONFIDENTIAL" under this Protective Order may be redacted by Defendant so as to eliminate the stamp before the material is shown to the jury. Confidential Information used as exhibits at trial shall otherwise be handled in accordance with the requirements and procedures of the Court.

10. After the conclusion of this action, the restrictions on communications and disclosure provided for in this Protective Order shall continue to be binding upon the parties and all other persons in paragraph 5 who are bound by this Protective Order. All Confidential Information (and any copies thereof) that was produced to Plaintiffs or their counsel or that is in Plaintiffs' or their counsel's possession for whatever reason shall be

returned to Defendant or destroyed within seven (7) days after the conclusion of this action. The Court retains jurisdiction following the conclusion of this action to enforce this Protective Order. The "conclusion of this action" means the exhaustion of available appeals in, or the settlement of, this action.

11. Should any Plaintiff or Plaintiffs' counsel become subject to a motion to disclose information designated "confidential" pursuant to this order, they shall promptly notify Defendant of the motion so that Defendant may have an opportunity to appear and be heard on whether that information should be disclosed. Nothing contained in this Protective Order, nor any action taken in compliance with it, shall operate as an admission by any party that any particular document or information is, or is not: (a) relevant to the issues involved in this litigation; or (b) admissible in evidence at the trial of this action.

12. Disputes arising under this Protective Order shall be resolved by the United States District Court for the District of Delaware.

13. No part of the restrictions imposed by this Protective Order may be terminated, except by a writing executed by counsel of record for all parties or by an order of the Court.

14. Nothing herein shall be deemed to restrict any parties or their counsel with respect to their own documents or information or documents or information provided to Defendant through any third-party discovery or the filing by Defendant of any document containing Confidential Information. The Parties recognize, acknowledge and agree that the failure by Defendant to enforce any term of this Protective Order shall not constitute a waiver of any rights or deprive Defendant of the right to insist thereafter upon strict

adherence to that or any other term of this Protective Order, nor shall a waiver of any breach of this Protective Order constitute a waiver of any preceding or succeeding breach. No waiver of a right under any provision of this Protective Order shall be binding on Defendant unless made in writing and signed by Defendant.

15. Any violation of the terms of this Protective Order shall subject the violator to sanctions as determined by the Court. Counsel for the parties shall not be subject to sanctions for any violation of this Protective Order, unless counsel caused or directed the violation to occur.

| | |
|---|---|
| MARGOLIS EDELSTEIN | POTTER ANDERSON & CORROON LLP |
| /s/ Timothy J. Wilson | /s/ David E. Moore |
| Timothy J. Wilson, Esq. (#4323) | David E. Moore, Esquire (#3983) |
| 1509 Gilpin Avenue | Sarah E. DiLuzio, Esquire (#4085) |
| Wilmington, DE 19806 | 1313 North Market Street |
| (302) 777-4680 | 6th Floor, P.O. Box 951 |
| (301) 777-4682 (fax) | Wilmington, Delaware 19801 |
| | (302) 984-6000 (general) |
| Attorney for Plaintiffs | (302) 984-6147 (direct) |
| | (302) 658-1192 (fax) |
| | dmoore@potteranderson.com |
| | |
| | Larry R. Seegull (admitted pro hac vice) |
| | Linda M. Boyd (admitted pro hac vice) |
| | DLA PIPER RUDNICK |
| | GRAY CARY U.S. LLP |
| | 6225 Smith Avenue |
| | Baltimore, Maryland 21209 |
| | (410) 580-3000 (general) |
| | (410) 580-4253 (direct) |
| | (410) 580-3253 (fax) |
| | larry.seegull@piperrudnick.com |
| | |
| | Attorneys for Defendant, |
| | *Computer Sciences Corporation* |

IT IS SO ORDERED this _____ day of _____, 2005.

                                                _____
                                                The Honorable Joseph J. Farnan, Jr.
                                                United States District Judge

**EXHIBIT A**

**PROMISE OF CONFIDENTIALITY**

STATE OF _____ )
                                             TO WIT:
COUNTY OF _____ )

_____, being duly sworn, deposes and says:

I have read the Joint Stipulation and Protective Order Regarding Production and Use of Confidential Information ("Protective Order") in the case of *Miller v. Computer Sciences Corp.*, dated _____, 2005, and I agree to abide by that Protective Order and not reveal or otherwise communicate any of the confidential information disclosed to me to anyone, except in accordance with the terms of the Protective Order. I further agree not to make any copies of any documents disclosed to me pursuant to the Protective Order, and I agree to return all documents at the conclusion of this action to the counsel for the party who disclosed them to me.

_____
Name

_____
Signature

SWORN TO ME ON THIS _____ day of _____, 2004.

_____
Notary Public

My Commission Expires: _____