**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

BRIAN MILLER, *et al*,

          Plaintiffs,

     v.

COMPUTER SCIENCES CORPORATION,

          Defendant.

Civil Action No. 05-010-JJF

## MEMORANDUM IN SUPPORT OF DEFENDANT'S
## MOTION FOR LEAVE TO FILE AMENDED ANSWER

Defendant, Computer Sciences Corporation ("CSC"), by and through its attorneys and pursuant to Fed. R. Civ. P. 15(a), hereby submits this memorandum in support of its Motion For Leave To File Amended Answer[1].

### INTRODUCTION

On December 13, 2004, Plaintiffs filed suit in the Superior Court for the State of Delaware, seeking to recover an incentive bonus under Delaware's Wage Payment and Collection Act. CSC timely removed the case to this Court, and filed an Answer to Plaintiff's Complaint on January 18, 2005. (D.I. 3.) A Scheduling Order was set on May 31, 2005, providing no deadline for discovery by deposition. (D.I. 11.) From January to March of 2006, CSC deposed each of the eleven Plaintiffs. Plaintiffs then deposed

---

[1] Per Local Rule 15.1, CSC has attached two copies of its proposed First Amended Answer to Plaintiffs' Complaint (as Exhibit A) and one copy of its proposed First Amended Answer to Plaintiffs' Complaint which indicates the respects in which it differs from the original Answer to Plaintiff's Complaint (as Exhibit B).

several former and current CSC employees from March 2006 through May 2006, most recently deposing Nick Wilkinson on May 19, 2006.

CSC filed a Motion for Summary Judgment on May 24, 2006. (D.I. 97.) In its Opening Brief In Support of Its Motion for Summary Judgment (D.I. 98.), CSC argued, in part, that Plaintiffs' claim is barred by the one-year statute of limitations set forth in 10 *Del. C.* § 8111.

On June 8, 2006, Plaintiffs' filed an Answering Brief In Opposition To Defendant's Motion for Summary Judgment. (D.I. 99.) Plaintiffs first asserted that CSC waived the statute of limitations defense because the defense was not pled in answer to Plaintiffs' Complaint. (D.I. 99 at 8-9.) Plaintiffs then address at length the merits of CSC's statute of limitations defense. (D.I. 99 at 9-13.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) allows a party to amend its pleadings at any time with leave of the court, and instructs that "leave shall freely be given where justice so requires." Fed. R. Civ. P. 15(a). The underlying purpose of Rule 15(a) is to facilitate decisions on the merits rather than on mere procedural technicalities. 3 MOORE'S FEDERAL PRACTICE § 15.14[1] (3d. ed. 2006). Accordingly, "[a] district court should freely grant leave to amend when justice requires, absent a substantial reason to deny. A liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a)." *Id.; see, e.g., Charpentier v. Godsil*, 937 F.2d 859, 864-65 (3d. Cir. 1991) ("Unless the opposing party will be prejudiced, leave to amend should generally be allowed.") (citations and quotations omitted). *Jackson v. Commissioner NJSP*, 2005 U.S. Dist. LEXIS 36399, at *32-33 (D. N.J. Dec. 27, 2005) (same) (attached as Exhibit C);

*U.S. v. Donald Lane Const.*, 19 F. Supp. 2d 217, 221 (D. Del. 1998) (defendant does not waive an affirmative defense by failing to plead that defense as specified in Rule 8(c) unless plaintiff shows evidence of prejudice such that its "ability to present its case would be seriously impaired were amendment allowed") (citing and quoting *Dole v. Arco Chemical Co.*, 921 F.2d 484, 488 (3d. Cir. 1990) (citations omitted)).

Raising an affirmative defense for the first time in a post-answer motion for summary judgment does not result in the waiver of that defense where the opposing party suffers no prejudice. *E.g., Kleinknecht v. Gettysburg College*, 989 F.2d 1360, 1374 (3d. Cir. 1993) (upholding the district court's consideration of defendant's immunity defense at the summary judgment stage even though defendant did not plead this defense in its answer because plaintiff did not demonstrate prejudice); *Block v. First Blood Assoc.*, 988 F.2d 344, 350-51 (2d. Cir. 1993) (upholding the district court's consideration of defendant's statute of limitations defense at the summary judgment stage even though defendant did not plead this defense in its answer because the plaintiff did not demonstrate prejudice); *Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir. 1993) ("In the absence of a showing of prejudice, an affirmative defense may be raised for the first time at summary judgment.") (citations omitted); *Donald Lane Const.*, 19 F. Supp. 2d at 220-22 (granting defendant's motion to amend its answer to assert the affirmative defense of untimely notice and considering this defense at summary judgment).

Courts have been particularly willing to consider such affirmative defenses where the opposing party has been afforded the opportunity to respond to the affirmative defense in its Answering Brief and/or where the defense presents a question of law for resolution. *Aubrey Rogers Agency, Inc. v. AIG Life Insurance Co.*, 55 F. Supp. 2d 309,

315 (D. Del. 1999) (holding that defendant did not waive its statute of frauds defense by first asserting this defense in its post-answer motion for summary judgment because plaintiff was not prejudiced by the amendment and had the opportunity to respond to the defense in its answering brief); *Fallon v. Ashcroft*, 2000 U.S. Dist. LEXIS 12202, at *15-17 (E.D. Pa. Jan. 25, 2002) (holding that defendant did not waive the statute of limitations defense by first asserting this defense in its post-answer motion for summary judgment because plaintiff was not prejudiced by the amendment and fully responded to the defense in its answering brief, thus demonstrating that the defense was "raised in a pragmatically sufficient time for Plaintiff to fully and thoughtfully respond") (attached as Exhibit D); *G.R. Sponaugle & Sons v. Hunt Const. Group, Inc.*, 366 F. Supp. 2d 236, 242 (E.D. Pa. 2004) (holding that the defendant did not waive the release defense by first asserting this defense in its post-answer motion for summary judgment because "the defense of release presents only a question of law and Plaintiff does not argue any prejudice"); *Jackson*, 2005 U.S. Dist. LEXIS 36399, at *34-38 (holding that defendant did not waive its statute of limitations defense by first asserting this defense in its post-answer motion for summary judgment, and noting that the likelihood of prejudice to the non-moving party "is lessened when the new issue presents solely an issue of law to be determined upon application to the existing facts") (Exhibit C).[2]

---

[2] It is also worth noting that "[t]he passage of time, without more, does not require that a motion to amend [an answer] be denied." *J.E. Mamiye & Sons, Inc. v. Fidelity Bank*, 813 F.2d 610, 614 (3d. Cir. 1987). Rather, "the proper standard is one that balances the length of the delay against the resulting prejudice." *Advocat v. Nexus Indus., Inc.*, 497 F. Supp. 328, 331 (D. Del. 1980) (granting defendant's motion to amend its Answer to add the affirmative defenses of statute of limitations and statute of frauds even though defendant's first mention of these defenses was almost two years after its answer was filed and even though defendants offered "no suitable explanation for this delay").

## ARGUMENT

Here, the fact that CSC first asserted the statute of limitations defense in its Opening Brief has not and will not result in any prejudice to Plaintiffs. The statute of limitations defense presents a question of law which cannot now and could not ever have been influenced or determined by further discovery.

CSC asserts that Plaintiffs' Complaint was untimely when filed in December of 2004. In short, CSC contends that the cause of action accrued in September of 2003 when Plaintiffs were each notified and understood that they would receive no incentive bonus for Fiscal Year 2004 ("FY04"). Plaintiffs do not dispute that they each knew as of September of 2003 that they would receive no bonus for the FY04. Indeed, Plaintiffs' have unanimously testified to exactly this, and no prior or future action or discovery could alter their sworn testimony.[3] Instead, Plaintiffs argue that the cause of action did not accrue until after the close of the fiscal year in April of 2004. The resolution of this issue depends entirely on which legal analysis this Court finds more persuasive. Even if CSC had earlier raised this defense, Plaintiffs could *never* have taken any actions or discovery that would change the nature of this purely legal dispute.

Additionally, Plaintiffs have been afforded ample opportunity to address the merits of CSC's statute of limitations defense in their Answering Brief. (*See* D.I. 99 at 9-13.) At no point in Plaintiffs' lengthy and detailed opposition to the limitations defense do they identify a need for further discovery to bolster their arguments.

---

[3] Indeed, CSC did not initially plead the statute of limitations defense because Plaintiffs' deposition testimony was needed to establish the defense. As noted above, Plaintiffs' eleven depositions were only recently concluded.

Accordingly, CSC has not waived its statute of limitations defense because Plaintiffs have failed to demonstrate any prejudice resulting from CSC's assertion of this defense at summary judgment.

## CONCLUSION

For the foregoing reasons, CSC respectfully requests that the Court grant its Motion For Leave To File An Amended Answer.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

_____
Sarah E. DiLuzio (#4085)
1313 North Market Street
6th Floor, P.O. Box 951
Wilmington, Delaware 19801
(302) 984-6000 (general)
(302) 984-6279 (direct)
(302) 658-1192 (fax)
sdiluzio@potteranderson.com

Of counsel:
Larry R. Seegull
Linda M. Boyd
DLA PIPER RUDNICK GRAY CARY US LLP
6225 Smith Avenue
Baltimore, Maryland 21209
(410) 580-3000 (general)
(410) 580-4253 (direct)
(410) 580-3253 (fax)
larry.seegull@dlapiper.com

Counsel for Defendant
*Computer Sciences Corporation*

Dated: June 15, 2006

**CERTIFICATE OF SERVICE**

I, Sarah E. DiLuzio, hereby certify that on June 15, 2006, I electronically filed

true and correct copies of **MEMORANDUM IN SUPPORT OF DEFENDANT'S**

**MOTION FOR LEAVE TO FILE AMENDED ANSWER** with the Clerk of the Court

using CM/ECF which will send notification of such filing, which is available for viewing

and downloading from CM/ECF, to the following counsel of record:

> Jeffrey K. Martin, Esq.
> Timothy J. Wilson, Esq.
> MARGOLIS EDELSTEIN
> 1509 Gilpin Avenue
> Wilmington, DE 19806
> (302) 777-4680
> jmartin@marolisedelstein.com

Sarah E. DiLuzio (DSB ID No. 4085)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Post Office Box 951
Wilmington, Delaware 19899-0951
Tel: (302) 984-6000
E-mail: sdiluzio@potteranderson.com

737196