IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **BRIAN MILLER; HECTOR CALDERON;** | : |
| **CHARLES FOLWELL; ROLLAND GREEN;** | : |
| **DAWN M. HAUCK; KEVIN KEIR;** | : |
| **ASHBY LINCOLN; KAREN MASINO;** | : |
| **ROBERT W. PETERSON; SUSAN M. POKOISKI;** | : |
| **DAN P. ROLLINS; and WILLIAM SPERATI,** | : C.A. No. 05-010-JJF |
| | : |
| **Plaintiffs,** | : **JURY TRIAL DEMANDED** |
| | : |
| **v.** | : |
| | : |
| **COMPUTER SCIENCES CORPORATION,** | : |
| **a Delaware Corporation,** | : |
| | : |
| **Defendant.** | : |

**PLAINTIFF'S ANSWERING MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED ANSWER**

Plaintiffs, by and through their undersigned counsel, hereby opposes Defendant's

Motion for Leave to File Amended Answer.

**NATURE AND STAGE OF THE PROCEEDINGS**

The Plaintiffs in this case, are all current or former employees of the Defendant,

Computer Sciences Corporation ("Defendant" or "CSC"). The lawsuit was filed on

December 13, 2004 in the Superior Court for the State of Delaware in and for New Castle

County. CSC removed the case to this Court on January 18, 2005 and filed its answer.

CSC filed its Opening Brief in support of its Motion for Summary Judgment on

May 24, 2006. In that Brief, almost two and a half years after the filing of the Complaint,

CSC asserted a statute of limitations defense. Plaintiffs countered in their Answering

Brief that pursuant to Federal Rule of Civil Procedure 8(c), CSC effectively waived that

defense. On the heels of this defense, CSC filed a Motion for Leave to File an Amended Answer. This is Plaintiffs' Answering Memorandum opposing that Motion.

## ARGUMENT

### a.    Standard

Federal Rule of Civil Procedure 8(c) holds that statute of limitations is "an affirmative defense that is waived if not pleaded or otherwise properly raised." Ford v. Temple Hospital, 790 F.2d 342, 348 (3d Cir. 1986) (quoting, 2A Moore's Federal Practice para. 8.27[4] at 8-203 (2d ed. 1985)); see also Fassett v. Delta Kappa Epsilon, 807 F.2d 1150, 1167 (3d Cir. 1986). Affirmative defenses, including the statute of limitations, are waived unless affirmatively pled or raised "at a pragmatically sufficient time with no prejudice to the plaintiff." Balter v. United States, 2006 U.S. App. LEXIS 3568, 4-5 (3d Cir. 2006)(Ex. 1).

"It is well settled that prejudice to the non-moving party is the touchstone for the denial of an amendment." Cornell and Co., Inc. v. Occupational Safety and Health Review Comm'n., 573 F.2d 820, 823 (3d Cir. 1978). "[I]t is manifest that risk of substantial prejudice increases in proportion to the length of defendant's delay in seeking the amendment." Strauss v. Douglas Aircraft Co., 404 F.2d 1152, 1155 (2d Cir. 1968). "In the absence of substantial or undue prejudice, denial must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." Heyl & Patterson Int'l, Inc. v. F. D. Rich Housing, Inc., 663 F.2d 419, 425 (3d Cir. 1981); see also, Foman v. Davis, 371 U.S. 178, 182 (1962); and Enzo Life Scis., Inc. v. Digene Corp., 270 F. Supp. 2d

484, 487 (D. Del. 2003). "[T]he party wishing to raise the defense is obliged to plead the Statute of Limitations at *the earliest possible moment.* Strauss, 404 F.2d at 1155.

### b. Plaintiffs Will Suffer Substantial Prejudice if CSC is Permitted to Amend Its Answer to Include a Statute of Limitations Defense

Plaintiffs will suffer substantial prejudice in two different respects. First is that discovery of this matter is now complete. Had Plaintiffs known of this defense prior to or during discovery, written discovery could have been propounded to CSC that would have established that the wages were not due until after the close of the fiscal year; that Plaintiffs' wages could not possibly have been paid until after the end of the fiscal year and therefore, they were not conclusively on notice until that time; that CSC could have revoked their decision to remove the Plaintiffs from the AMIP program at any time prior to the close of the fiscal year; that perhaps such discussions on putting Plaintiffs back into the AMIP program were in fact being contemplated; whether CSC representatives had any conversations with other individuals being removed from the program regarding the possibility of being reinstated into the program. There are a multitude of other areas that could have been explored in this regard that could have been raised via CSC's answers to discovery on this issue. Moreover, Plaintiffs' questioning of CSC's representatives during their depositions could have likewise focused on the issues identified above. Plaintiffs also likely would have selected different individuals to depose who could provide information on these topics.

Case in point: CSC's response to the letter cited in CSC's Memorandum, in which Plaintiffs' counsel wrote to CSC's counsel on the issue of the non-payment of wages. In response, CSC counsel, Tyler Ramio, stated that he "would be in touch with [Plaintiffs' counsel] as soon as I have had a reasonable time to investigate the issue raised in your

letter." (Correspondence from Raimo to Martin of January 16, 2004)(attached hereto at Exh. 2). This begs the question: what was the nature of the investigation? Did the investigation prompt CSC executives to discuss placing these individuals back on the program? Were any decisions made in this regard but not communicated to Plaintiffs, but such decision was later rescinded? If so, what decision was? Was CSC considering taking such an action instead of paying these individuals the money owed to them? If so, then the *final* decision to remove them was not made in September 2003. There may be many other issues that may have been revealed had discovery focused on a statute of limitations defense.    However, Plaintiffs are precluded from discovering and investigating these issues.

Simply put, without being put on notice of a statute of limitations defense, these issues were irrelevant to Plaintiffs and consequently they were not looked into. Conversely, had the defense been pled, an investigation into these matters could have turned up evidence that would have defeated such a defense – even if the law on the beginning of the statute of limitations period were as CSC incorrectly contends. In this regard, Plaintiffs have suffered substantial prejudice in terms of being foreclosed from conducting discovery on this issue.

Secondly, Plaintiffs are substantially prejudiced by virtue of the time and money spent on discovery in this case. Plaintiffs have expended well over $70,000 in attorney hours on this case.    During discovery, CSC took depositions of ten Plaintiffs and Plaintiffs took depositions of five of CSC's employees or former employees. In one were to assume CSC's Statute of Limitations defense is valid, had CSC raised this defense in a timely manner and promptly filed a motion to dismiss, then that matter would have been

4

resolved at that point. Simply put, if CSC is permitted to amend its Answer at this point,

and hypothetically, that defense is successful, Plaintiffs will be substantially prejudice in

the amount of time and money expended on this case.

      **c.**     **CSC Acted In Bad Faith and With Dilatory Motives, By Intentionally
Waiting Until This Point to Raise the Defense, When, In Hindsight, it
is Obvious That CSC Contemplated This Defense Previously**

      After reading CSC's Briefing in Support of its Motion for Summary Judgment it

is clear that it had been wrongfully keeping the statute of limitations defense in its back

pocket for some time. In each of the Plaintiffs' depositions, each was asked questions

regarding when they were put "*on notice*" that they would not receive the bonus. (Dep. of

William Sperati, *Miller v. Computer Sciences Corp.,* C.A. No. 05-10-JFF)(Ex. 3); (Dep.

of Daniel P. Rollins, *Miller v. Computer Sciences Corp.,* C.A. No. 05-10-JFF)(Ex. 4);

(Dep. of Karen A. Masino, *Miller v. Computer Sciences Corp.,* C.A. No. 05-10-JFF)(Ex.

5); (Dep. of Robert W. Peterson, *Miller v. Computer Sciences Corp.,* C.A. No. 05-10-

JFF)(Ex. 6); (Dep. of Susan M. Poloiski, *Miller v. Computer Sciences Corp.,* C.A. No.

05-10-JFF)(Ex. 7); (Dep. of Brian L. Miller, *Miller v. Computer Sciences Corp.,* C.A.

No. 05-10-JFF)(Ex. 8); (Dep. of Kevin R. Keir, *Miller v. Computer Sciences Corp.,* C.A.

No. 05-10-JFF)(Ex. 9); (Dep. of Charles D. Folwell, *Miller v. Computer Sciences Corp.,*

C.A. No. 05-10-JFF)(Ex. 10); (Dep. of Ashby A. Lincoln, III, *Miller v. Computer

Sciences Corp.,* C.A. No. 05-10-JFF)(Ex. 11); (Dep. of Hector L. Calderon, *Miller v.

Computer Sciences Corp.,* C.A. No. 05-10-JFF)(Ex. 12); (Dep. of Dawn M. Hauck,

*Miller v. Computer Sciences Corp.,* C.A. No. 05-10-JFF)(Ex. 13).

      Not surprisingly, in its Opening Brief, CSC contends that the statute of limitations

commences when the employee is put "on notice" that the wages will not be paid. In

hindsight, CSC counsel was setting Plaintiffs up for this defense without disclosing the defense. Again, CSC was obligated to plead the statute of limitations defense at the *earliest possible moment*. Strauss, 404 F.2d at 1155. As it failed to do so, there can be no conclusion to be drawn except that CSC wrongfully withheld the defense and acted in bad faith with dilatory motive. Simply stated, CSC intentionally withheld this defense in order to gain an undue tactical advantage.

### d. CSC Moved to Amend After Undue and Unexplained Delay

In Strauss the Court denied defendant's request to amend even in the face of defendant's proffered excuse for failure to plead the defense. Id. at 1157. Moreover, the court held that even if it accepted defendant's excuse, they waited too long to plead it. Id. There, defendants waited four years from the commencement of suit to plead its statute of limitations defense. Id.

Here, CSC has failed to carry its burden in providing the Court with an explanation as to its failure to raise such a defense at this time. CSC has offered the Court no excuse or reason for the delay. Based upon its failure in this regard, CSC's Motion must be denied.

Furthermore, CSC waited a almost a year and a half to plead this defense. Such undue delay likewise precludes the granting of their Motion.

### e. CSC Failed To Establish Good Cause as to Why the Rule 16 Scheduling Order Should be Modified

Federal Rule of Civil Procedure holds that "[a] schedule shall not be modified except on a showing of good cause." Fed. R. Civ. P. 16 (b). The moving party must show such good cause and that meeting the deadline was impossible despite the diligence of the party seeking the extension. Post Confirmation Trust of Fleming Cos., Inc. v. Target

Corp. (In re Fleming Cos.), 323 B.R. 144, 150 (Bankr. D. Del. 2005). "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." Gonzalez v. Comcast Corp., 2004 U.S. Dist. LEXIS 17896, 2-3 (D. Del. 2004)(Ex. 14) (quoting, Dilmar Oil Co. V. Federated Mut. Ins. Co., 986 F. Supp. 959, 980 (D.S.C. 1997), aff'd 129 F.3d 116 (4th Cir. 1997) (citing 6A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 1522.1 at 230-31 (2d ed. 1990)).

The Scheduling Order in this case set the deadline to amend pleadings for June 24, 2005. Now, one year later, CSC makes its motion to amend its pleading. However, it has not carried its burden of showing good cause to modify the scheduling order. As a consequence, it is foreclosed from doing so now.

In Gonzalez v. Comcast, supra, this Court denied the movant's request to amend its pleading after the deadline. The Court reasoned, in part, that the movant did not attempt to establish its burden of showing good cause, but instead focused on why the non-moving party would not be prejudiced by the amendment. Similarly, in this case, CSC attempts to place the burden on Plaintiffs to show why they are not substantially prejudiced by the amendment. Significantly, they have offered no reason, good cause or otherwise as to why they should be permitted to amend their pleadings (other than that such amendments should be freely given) or to have the scheduling order amended. Indeed, they have wholly ignored the deadline contained in the scheduling order in there arguments in their motions.

As a consequence, CSC's Motion to Amend must be denied as it is not in conformity with the Scheduling Order for this case and CSC has failed to establish good cause for any amendment thereto.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that CSC's Motion to Amend its Answer be denied.

MARGOLIS EDELSTEIN

Timothy J. Wilson, Esq. (4323)
1509 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 777-4680
Facsimile: (302) 777-4682
twilson@margolisedelstein.com
*Attorney for Plaintiff*

DATED:  June 30, 2006.