## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

BRIAN MILLER, *et al.*,

             Plaintiffs,

       v.

COMPUTER SCIENCES CORPORATION,

             Defendant.

Civil Action No. 05-010-JJF

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS (PRELIMINARY & FINAL)

Defendant, Computer Sciences Corporation ("CSC"), by and through its undersigned counsel, respectfully submits the following proposed jury instructions (preliminary and final) pursuant to Local Rule 51.1.[1]

---

[1] Counsel for Defendant and Counsel for Plaintiffs conferred regarding jury instructions on July 7, 2006. Counsel for Plaintiffs maintained that jury instructions need not be filed as part of the Joint Pretrial Order or three business days prior to the Pretrial Conference. Accordingly, Defendant decided to file these jury instructions separately, along with its proposed voir dire and proposed special verdict form.

## TABLE OF CONTENTS

I.    PRELIMINARY JURY INSTRUCTIONS _____ 1

    1.    Opening Instructions _____ 1

    2.    Order of Trial _____ 4

    3.    Evidence In The Case _____ 5

    4.    Note-Taking Permitted _____ 7

II.    INSTRUCTIONS AT THE CLOSE OF EVIDENCE _____ 8

    1.    General Introduction _____ 8

    2.    All Persons Equal Before The Law –
        Individuals And Corporations _____ 9

    3.    Evidence In The Case _____ 10

    4.    Discrepancies In Testimony _____ 11

    5.    Use Of Deposition Excerpts _____ 13

    6.    Impeachment – Inconsistent Statements Or Conduct _____ 14

    7.    Preponderance Of The Evidence _____ 15

    8.    "At Will" Employment _____ 16

    9.    Wages _____ 17

    10.   Earned Bonus Payments _____ 18

    11.   Participation In the AMIP Bonus Program
        At The End Of The Fiscal Year _____ 19

    12.   Damages _____ 20

    13.   Nominal Damages _____ 21

    14.   Duty To Deliberate _____ 22

    15.   Admonition Regarding Sympathy _____ 23

    16.   Special Verdict Form _____ 24

    17.   Curative Instruction _____ 25

## I.     PRELIMINARY JURY INSTRUCTIONS

**1.     Opening Instructions**

Members of the jury, we are about to begin the trial of the case about which you have heard some details during the process of jury selection.  Before the trial begins, however, there are certain instructions you should have in order to better understand what will be presented before you and how you should conduct yourself during the trial.

The parties who bring a lawsuit are called Plaintiffs.  In this action, the Plaintiffs are Brian Miller, Hector Calderon, Charles Folwell, Dawn M. Hauck, Kevin Keir, Ashby Lincoln, Karen Masino, Robert W. Peterson, Susan Pokoiski, Dan P. Rollins and William Sperati.  The party against whom a lawsuit is brought is called the Defendant.  In this action, the Defendant is Computer Sciences Corporation, which will also be referred to as CSC.

Plaintiffs seek to recover a portion of a year-end incentive bonus through this lawsuit.  CSC contends that Plaintiffs' claim is barred because it was filed after the expiration of Delaware's one-year statute of limitations for such lawsuits.  CSC also contends that Plaintiffs are not entitled to the bonus they seek because they did not participate in CSC's bonus program for the relevant year and thus did not earn and are not entitled to any portion of a bonus under this program.

By your verdict you will decide disputed issues of fact.  I will decide all questions of law that arise during the trial, and before you retire to deliberate at the close of the case, I will instruct you on the law that you must follow and apply in deciding upon your verdict.

Since you will be called upon to decide the facts of this case, you should give careful attention to the testimony and evidence presented for your consideration, bearing in mind that I will instruct you at the end of the trial concerning the manner in which you should determine the credibility or "believeability" of each witness and the weight to be given to his testimony. During the trial, however, you should keep an open mind and should not form or express any opinion about the case one way or the other until you have heard all of the testimony and evidence, the closing arguments of the lawyers, and my instructions to you on the applicable law.

While the trial is in progress you must not discuss the case in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk with you nor you with them. In this way, any unwarranted and unnecessary suspicion about your fairness can be avoided. If anyone should try to talk to you about the case, bring it to the court's attention promptly.

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should not show prejudice against an attorney or his client because the attorney has made objections. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. And if I sustain an objection to a question that

goes unanswered by the witness, you should not draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers out of your hearing with regard to questions of law or procedure that require consideration by the court alone. On some occasions you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

| Authorities | Adapted from Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions - Civil, § 70.01 (4th ed. 1987). |

2.    **Order of Trial**

The case will proceed in the following order:

First, the Plaintiffs may make an opening statement outlining their case. CSC may also make an opening statement outlining its case immediately after Plaintiffs' statement, or CSC may defer the making of its opening statement until the conclusion of the Plaintiffs' case. Neither party is required to make an opening statement. What is said in opening statement is not evidence, but is simply designed to provide you with an introduction as to the evidence which he party making the statement intends to produce.

Second, the Plaintiffs will introduce evidence in support of their claim. At the conclusion of the Plaintiffs' case, CSC may introduce evidence. CSC, however, is not required to introduce any evidence or to call any witnesses. If CSC introduces evidence the plaintiff may then introduce rebuttal evidence.

Third, the parties may present closing arguments to you as to what they consider the evidence as shown and as to the inferences which they contend you should draw from the evidence. What is said in closing argument, just as what is said in opening statement, is not evidence. The arguments are designed to present to you the contentions of the parties based on the evidence introduced. The plaintiff has the right to open and to close the argument.

Fourth, I will instruct you on the law which you are to apply in reaching your verdict.

| Authorities | Adapted from Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions - Civil, § 70.02 (4th ed. 1987). |
|---|---|

3.    **Evidence in the Case**

The evidence in the case will consist of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which you have been judicially noticed and which I instruct you to take as true for the purposes of the case.

Depositions may also be received in evidence.  Depositions contain sworn testimony, with counsel for each party being entitled to ask questions.  Testimony produced in a deposition will be read to you in open court.  Deposition testimony may be accepted by you, subject to the same instructions which apply to witnesses testifying in open court.

Statements and arguments of counsel are not evidence in the case, unless made as an admission or stipulation or fact.  When attorneys on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

The court may take judicial notice of certain facts or events.  When the court declares that it will take judicial notice of some fact or event, you must accept that fact as true.

Any evidence as to which an objection is sustained by the court, and any evidence ordered stricken by the court, must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testified. You are permitted to draw, from the facts which you find have been proved, such reasonable inferences as you feel are justified in the light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult. I urge you to pay close attention to the testimony as it is given.

| Authorities | Adapted from Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions - Civil, § 70.03 (4th ed. 1987). |
|---|---|

4.    **Note-Taking Permitted**

During this trial I will permit you to take notes.   Many courts do not permit note-taking by jurors, and a word of caution is in order.   There is always a tendency to attach undue importance to matters which one has written down.   Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented.   Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence.  Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial.  Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

| Authorities | Adapted from Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions - Civil, § 70.01 (4th ed. 1987). |
|---|---|

## II.    JURY INSTRUCTIONS AT THE CLOSE OF EVIDENCE

### 1.    General Introduction

Now that you have heard the evidence and the arguments, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

| Authorities | O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 103.01 (5th ed. 2001). |
|---|---|

2.    **All Persons Equal Before The Law – Individuals and Corporations**

The case should be considered and decided by you as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law and are to be treated as equals.

As you know, CSC is a corporation. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations, large or small, stand equal before the law, and are to be treated as equals in a court of justice. Therefore, you may not judge a corporation more harshly, or treat a corporation differently, than you would any other single individual.

| Authorities | Adapted from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, §§ 103.11 & 103.12 (5th ed. 2001). |
|---|---|

3.    **Evidence in the Case**

Unless otherwise instructed, the evidence in the case consists only of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence, regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to and all facts and events that may have been judicially noticed.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you interpret the evidence, but is not evidence. However, when the lawyers both stipulate or agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

| Authorities | O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 103.30 (5th ed. 2001). |
|---|---|

4.    **Discrepancies in Testimony**

You are the sole judges of the credibility of the witnesses and the weight of their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies or by the character of the testimony given, or by the evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by the other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from an innocent error or intentional falsehood.

13

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

| Authorities | O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 105.01 (5th ed. 2001). |
|---|---|

5.    **Use of Deposition Excerpts**

During the course of the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason is not present to testify from the witness stand many be presented in writing under oath or on a videotape. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you in the same way that you would have done if the witness had been here and testified from the witness stand in the courtroom.

| Authorities | Adapted from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 105.02 (5th ed. 2001). |
|---|---|

6.    **Impeachment – Inconsistent statements or Conduct**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, as you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

| Authorities | O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 105.04 (5th ed. 2001). |
|---|---|

7.    **Preponderance of the Evidence**

Plaintiffs have the burden in a civil action, such as this, to prove every essential element of their claim by a preponderance of the evidence. If Plaintiffs should fail to establish any essential element of her claim by a preponderance of the evidence, you should find for CSC.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Since Plaintiffs, in order to recover, must prove their case by a preponderance of the evidence, I instruct you that if you find the evidence in this case to be equally balanced so that the resolution of the liability issue is as reasonable or as likely to be right under the Defendant's version as under the Plaintiffs' version, then you must conclude that the Plaintiffs have failed to sustain their burden of proof and your decision must be resolved in favor of the Defendant.

| Authorities | Adapted from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 104.01 (5th ed. 2001). |
|---|---|

8.    **"At Will" Employment**

At all times, the employment relationship between Plaintiffs and CSC was an "at will" employment relationship.  This means that Plaintiffs' employment was of no set duration, and either they or CSC were free to end their employment relationship at any time, with or without notice, and with or without cause, as long as the reason was not unlawful.  Likewise, CSC was free to alter the terms and conditions of Plaintiffs' employment, including compensation and benefits, at any time, with or without notice, and with or without cause, as long as the reason was not unlawful.

| Authorities | See *Merrill v. Crothall-American, Inc.*, 606 A.2d 96, 101-103 (Del. 1992) ("[A]n employer has wide latitude in deciding how it conducts its business including employment undertakings....Employers have the "freedom to terminate an at-will employment contract for [their] own legitimate business, or even highly subjective, reasons"); *E.I. du Pont de Nemours & Co. v. Pressman*, 679 A.2d 436, 437 (Del. 1996) (Employment-at-will doctrine "generally permits the dismissal of employees without cause and regardless of motive."). |
|---|---|

9.    <u>Wages</u>

Plaintiffs seek to recover a portion of a year-end bonus called the AMIP bonus under Delaware's Wage Payment and Collection Act for Fiscal Year 2004. Plaintiffs are only entitled to recover under this Act if the bonuses they seek are considered earned "wages." The Act defines "wages" as "compensation for labor or services rendered by an employee, whether the amount is fixed or determined on a time, task, piece, commission or other basis of calculation." In order to be considered wages under the Act, there must be some basis for calculating the AMIP bonuses Plaintiffs seek to recover. If you determine that the AMIP bonus is not "wages" as defined by the Delaware Wage Payment and Collection Act, you must find in favor of CSC.

| Authorities | *See* DEL. CODE. ANN. tit. 19, §§1101(a)(5). |
|---|---|

10.    **Earned Bonus Payments**

If you determine that the bonuses that the Plaintiffs seek to recover can be considered "wages" under the Delaware Wage Payment and Collection Act, then you must determine if Plaintiffs have earned the AMIP bonus. Plaintiffs cannot have earned any amount of an AMIP bonus for fiscal year 2004 if they were not eligible for and enrolled in the AMIP bonus program for that year. If you find that Plaintiffs were not eligible for and enrolled in the AMIP bonus program for fiscal year 2004, you must find in favor of CSC.

Likewise, Plaintiffs cannot have earned any amount of an AMIP bonus for fiscal year 2004 if they did not know what CSC required of them to earn such a bonus. If you find that Plaintiffs did not know what CSC required of them to earn an AMIP bonus in fiscal year 2004, you must find in favor of CSC.

**11.**    **Participation In The AMIP Bonus Program At the End Of The Fiscal Year**

If you find that Plaintiffs were *initially* eligible for and enrolled in the AMIP bonus program for fiscal year 2004, but that they were not eligible and enrolled at the close of fiscal year 2004, you must consider CSC's policy regarding the payment of AMIP bonuses. In doing so, if you determine that CSC's policy requires that employees must be enrolled in and eligible for AMIP at the close of the fiscal year in order to receive an AMIP bonus, then you must find in favor of CSC.

12.    **Damages**

If you decide that some or all of the Plaintiffs earned and are entitled to some portion of an AMIP bonus as damages, it is your duty to determine the amount of money which reasonably and fairly compensates each Plaintiff based on the evidence presented. Your verdict must be solely to compensate Plaintiffs for the bonuses they seek and not to punish CSC.

| Authorities | Adapted from Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions - Civil, § 86.07 (4th ed. 1987). |
| --- | --- |

13.    **Nominal Damages**

If you find in favor of Plaintiffs on their claim, but you find that Plaintiffs' damages have no monetary value or are impossible to calculate, then you may return a verdict for Plaintiffs in a nominal amount such as one dollar or ten dollars.

| Authorities | Adapted from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 171.93. |
|---|---|

**14.**    <u>**Duty To Deliberate**</u>

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

| Authorities | Adapted from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 106.01 (5th ed. 2001). |

15.    **<u>Admonition Regarding Sympathy</u>**

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking there is a significant risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.

| Authorities | 4 L. Sand, et. al., Modern Federal Jury Instructions, ¶ 71-10 |
|---|---|

16.    **Verdict Form**

I have prepared a special verdict form for you to use in recording your decision. The special verdict form is made up of questions concerning the important issues in this case. You must follow the instruction on the form carefully, you must answer each question, and your answers must be unanimous and must reflect the conscientious judgment of each juror.

The fact that there is a category or blank for a certain type of damages does not require you to enter any number in the blank. Further, the fact that I have instructed you as to a particular element of damages does not mean that the Plaintiffs are entitled to recover that element of damages. The amounts and types of damages, if any, are solely your decision.

17.    **Curative Instruction**

I have read to you a long and lengthy set of instructions.    Although the instructions are somewhat complex, they are intended to be considered as an entire unit. For that reason, you should not choose one or more parts of these instructions and attempt to give them greater weight than any other part.    You should try, to the extent that you are able, to follow the instructions as an entire body of law explained to you by the Court. The fact that some particular point may be covered in these instructions more than another point should not be regarded as meaning that I intend to emphasize any point. The Court is absolutely impartial in this case and it is not intended, and I do not now intend, to give emphasis to any point or to express an opinion in any way concerning the outcome of this case.

I have given instructions that refer to injuries which the Plaintiffs allege they have sustained and there have been instructions on the question of damages.    The fact that I have instructed you about damages should not be considered as intimating any view of mine about whether or not the Plaintiffs are entitled to such damages.    Instructions as to damages are given for your guidance only in the event that you should find from a preponderance of the evidence in the case that the Plaintiffs are entitled to such damages.

If you find from the evidence that the Plaintiffs are not entitled to recover, then you will find for the Defendant and no damages will be awarded.    On the other hand, if you find for the Plaintiffs, you will then give consideration to the evidence on the points of injuries and damages, if there have been any, and award such damages as may be reasonable and proper, giving careful and due consideration to all the evidence presented in this case.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2006, the attached document was hand delivered to the following attorney of record and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

**BY HAND DELIVERY**

Jeffrey K. Martin, Esq.
Timothy J. Wilson, Esq.
MARGOLIS EDELSTEIN
1509 Gilpin Avenue
Wilmington, DE 19806

By: */s/ David E. Moore*
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
(302) 984-6000
dmoore@potteranderson.com

740299