IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BRIAN MILLER, *et al.*,

    Plaintiffs,

v.

COMPUTER SCIENCES CORPORATION,

    Defendant.

Civil Action No. 05-010-JJF

**DEFENDANT'S REPLY IN FURTHER SUPPORT
OF IT'S MOTION FOR LEAVE TO FILE AMENDED ANSWER**

Defendant Computer Sciences Corporation ("CSC"), by and through its undersigned counsel, hereby submits this Reply in further support of its Motion For Leave To File Amended Answer.

**CSC'S MOTION FOR LEAVE TO FILE AN
AMENDED ANSWER SHOULD BE GRANTED.**

A.     **Plaintiffs Will Not Be Prejudiced If CSC Is Permitted To
Amend Its Answer To Include A Statute Of Limitations Defense.**

A defendant does not waive an affirmative defense by failing to plead that defense as specified in Rule 8(c) unless Plaintiff shows evidence of prejudice such that its "ability to present its case would be seriously impaired were amendment allowed." *U.S. v. Donald Lane Const.*, 19 F. Supp. 2d 217, 221 (D. Del. 1998) (citing and quoting *Dole v. Arco Chemical Co.*, 921 F.2d 484, 488 (3d. Cir. 1990) (citations omitted)); *see, e.g., Charpentier v. Godsil*, 937 F.2d 859, 864-65 (3d. Cir. 1991) ("Unless the opposing party will be prejudiced, leave to amend should generally be allowed.") (citations and quotations omitted).

### 1. Plaintiffs' Discovery Was Not Prejudiced.

Plaintiffs argue unsuccessfully that they would have conducted discovery differently had they known CSC would raise a statute of limitations defense. Plaintiffs first assert that they would have propounded written discovery to CSC to establish that AMIP bonuses were not paid, and could not have been paid, until after the close of the fiscal year. Strangely, Plaintiffs fail to mention that these facts are *already in the record*. CSC has always maintained that AMIP eligible employees are paid their AMIP bonuses after the close of the fiscal year because AMIP bonuses are based on year-end goals that can only be measured after the close of the fiscal year. (D.I. 98 at 8; D.I. 107 at 13-14.) Indeed, this fact is the backbone of one of CSC's multiple arguments as to why Plaintiffs are not entitled to any amount of an AMIP bonus. (D.I. 98 at 24-25.)

Plaintiffs likewise cannot defeat CSC's motion for leave to amend based on sheer speculation and far-fetched hypotheticals about what might have been discovered had they known earlier of the statute of limitations defense. Despite a substantial document production by CSC, there is no evidence that CSC representatives considered either revoking its decision to realign FY04 AMIP or reinstating employees to FY04 AMIP eligibility. Indeed, Plaintiffs fail to identify any additional depositions they would have taken to uncover this hypothetical information, and point only to Tyler Raimo, CSC's in-house counsel, as someone who might have relevant knowledge. However, it is wholesale speculation to assert that Mr. Raimo's brief acknowledgement letter indicates

that CSC contemplated revoking its decision to realign FY04 AMIP or reinstating employees to FY04 AMIP eligibility.[1]

In any event, even assuming *arguendo* that CSC did contemplate either of these actions, which CSC disputes, such contemplation would not impact the purely legal judgment required by this Court to resolve the statute of limitations issue. CSC argues that the cause of action accrued when Plaintiffs' knew and understood that they would receive no AMIP bonus for FY04. Plaintiffs, on the other hand, argue that their cause of action did not accrue until after the close of FY04 when FY04 AMIP bonuses were paid to AMIP eligible employees. Plaintiffs have each testified and do not dispute that they knew and understood as of September of 2003 that they were not AMIP-eligible for FY04. This knowledge and understanding would not have changed even if, unbeknownst to Plaintiffs, CSC hypothetically considered paying them an AMIP bonus and then decided against doing so. Moreover, this knowledge and understanding cannot be changed by any additional deposition testimony or written discovery. Plaintiffs had no reason to anticipate, and thus did not anticipate, receiving an AMIP bonus at the close of FY04. Accordingly, no matter what discovery was taken, the Court would still be left to decide the legal question of whether Plaintiffs' claim accrued upon their admitted knowledge and understanding that they would receive no AMIP bonus for FY04 or whether it accrued after the close of the fiscal year in April of 2004.[2]

---

[1] Moreover, the vast majority of Mr. Raimo's knowledge of and communications about this lawsuit is work product and protected by the attorney-client privilege.

[2] Even if the Court agrees that Plaintiffs have been prejudiced with respect to the scope of their discovery, the proper remedy is not to deny CSC's motion for leave to amend. Rather, if the Court so concludes, CSC would consent to further, narrow

*(footnote continued to next page)*

### 2. Plaintiffs Are Not Prejudiced By Their Expenditures In This Matter.

Plaintiffs suggest that CSC could have prevented their expenditure of time and money on discovery in this case if it had earlier raised its statute of limitations defense in a motion to dismiss and prevailed on this motion. Unfortunately, however, CSC was unable to raise this defense at that early juncture in the case or for many months afterwards because discovery was needed to determine if the statute of limitations defense was available.[3]

Until the Plaintiffs were deposed, CSC had no way of knowing when each Plaintiff knew and understood that they would receive no AMIP bonus for Fiscal Year 2004. The Plaintiffs' eleven depositions did not commence until January of 2006, more than a year after Plaintiffs filed their Complaint, and did not conclude until March of 2006. CSC then investigated the applicability of the statute of limitations defense to the facts gathered through depositions. Quite simply, CSC was not able to assert the statute of limitations defense in good faith until after the Plaintiffs' depositions and its subsequent research and analysis of the law.

Moreover, Plaintiffs responded at length to the merits of CSC's statute of limitations defense in their Answering Brief to CSC's Motion for Summary Judgment, making clear that they do not believe this defense is or was ever available to CSC.

---

*(footnote continued from previous page)*
discovery directed specifically at the statute of limitations accrual issue, as long as such discovery was not duplicative of that already taken, overbroad or designed to harass.

[3] Had it been possible at the time, CSC would, of course, have preferred to prevail on a motion to dismiss at the outset of the case rather than incur its own discovery and summary judgment expenses.

Plaintiffs no doubt would have set forth these exact same arguments regardless of when CSC raised the defense.

Accordingly, Plaintiffs have failed to identify any true prejudice they would suffer if CSC is permitted to amend its Answer to include a statute of limitations defense.

**B.    CSC Did Not Act In Bad Faith, With Dilatory Motive Or After Undue Delay.**

As discussed above, CSC appropriately raised the statute of limitations after discovery and legal research revealed that it had a good faith basis for asserting the defense.[4] Plaintiffs' contention that "CSC counsel was setting Plaintiffs up for this defense" is nonsensical. CSC's statute of limitations defense relies entirely on Plaintiffs' unanimous testimony that they knew and understood as of September of 2003 that they would receive no AMIP bonus for FY04. Obviously, CSC did not know that Plaintiffs would so testify until it had the opportunity to ask them. In any event, this testimony would not and could not have changed had Plaintiffs been aware of the statute of limitations defense before their depositions, just as it cannot be changed now by any

---

[4] Although Plaintiffs attempt to make much of the Scheduling Order deadline to amend pleadings, this deadline (June 24, 2005) expired almost six months *before* CSC took its first deposition of a Plaintiff and more than eight months *before* CSC concluded Plaintiffs' depositions. Likewise, neither party had propounded any written discovery at that time. CSC was unable to meet the June 24, 2005 deadline to amend its pleadings because it simply did not know that the statute of limitations defense would be applicable to the case. CSC's inability to anticipate the need to amend its pleadings satisfies Rule 16's requirement of a "showing of good cause."

The *Gonzalez* case cited by Plaintiffs involves an entirely different set of circumstances than that faced by the Court here. *Gonzalez v. Comcast Corp.*, C.A. 03-445 (KAJ), 2004 U.S. Dist. LEXIS 17869 (D. Del. 2004) (attached as Exhibit A). In that case, without providing any justification, the plaintiffs filed a Motion for Leave to File a Second Amended Complaint to add both an additional defendant and three additional claims. Notably, the motion was filed after the court had already ruled on the defendants' motion for summary judgment.

further discovery. As a result, CSC derived no "undue tactical advantage" from inquiring as to Plaintiffs' knowledge and understanding as of September of 2003 because that knowledge and understanding would not have been altered by Plaintiffs' awareness of a statute of limitations defense.

Plaintiffs' argument that CSC unfairly delayed raising the statute of limitations defense fails for the same reasons. Moreover, "[t]he passage of time, without more, does not require that a motion to amend [an answer] be denied." *J.E. Mamiye & Sons, Inc. v. Fidelity Bank*, 813 F.2d 610, 614 (3d. Cir. 1987). Rather, "the proper standard is one that balances the length of the delay against the resulting prejudice." *Advocat v. Nexus Indus., Inc.*, 497 F. Supp. 328, 331 (D. Del. 1980); *U.S. v. Donald Lane Const.*, 19 F. Supp. 2d 217, 222 (D. Del. 1998) ("In light of the fact that no evidence in this case, including the length of the delay...indicates bad faith or reflects prejudice to the plaintiff, the delay presented by the defendants will not alone override the 'presumption in favor of allowing a party to amend pleadings.'") In *Advocat*, the Court granted the defendant's motion to amend its Answer to add the affirmative defenses of statute of limitations and statute of frauds even though defendant's first mention of these defenses was almost two years after its answer was filed and even though defendants offered "no suitable explanation for this delay." *Advocat*, 497 F. Supp. at 331. Likewise, in *Donald Lane Construction*, the Court granted the defendant's motion to amend its answer to add an affirmative defense despite the fact that the motion to amend was submitted almost a year after the complaint was filed and that "Defendants have proffered no reasonable justification for the delay." *Donald Lane Const.*, 19 F. Supp. 2d at 221-22.

Here, CSC's delay in raising the statute of limitations defense is readily explainable by its need to gather information through discovery to determine whether the defense was applicable to the facts of the case. Moreover, Plaintiffs have not demonstrated any prejudice which would warrant the denial of CSC's Motion to Amend, particularly because they have been afforded ample opportunity to address the merits of CSC's statute of limitations defense in their Answering Brief. (*See* D.I. 99 at 9-13.) *See, e.g., Aubrey Rogers Agency, Inc. v. AIG Life Insurance Co.*, 55 F. Supp. 2d 309, 315 (D. Del. 1999) (holding that defendant did not waive its affirmative defense by first asserting this defense in its post-answer motion for summary judgment because plaintiff was not prejudiced by the amendment and had the opportunity to respond to the defense in its answering brief); *Fallon v. Ashcroft*, C.A. 00-CV-5258 (RBS), 2000 U.S. Dist. LEXIS 12202, at *15-17 (E.D. Pa. Jan. 25, 2002) (holding that defendant did not waive the statute of limitations defense by first asserting this defense in its post-answer motion for summary judgment because plaintiff was not prejudiced by the amendment and fully responded to the defense in its answering brief, thus demonstrating that the defense was "raised in a pragmatically sufficient time for Plaintiff to fully and thoughtfully respond") (attached as Exhibit B).

Accordingly, CSC cannot be found to have acted in bad faith, with dilatory motive or after undue delay.

## CONCLUSION

For the foregoing reasons, CSC respectfully requests that the Court grant its Motion For Leave To File An Amended Answer.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

Of Counsel:

Larry R. Seegull
Linda M. Boyd
DLA PIPER RUDNICK
GRAY CARY U.S. LLP
6225 Smith Avenue
Baltimore, Maryland 21209
(410) 580-3000 (general)
(410) 580-4253 (direct)
(410) 580-3253 (fax)
larry.seegull@piperrudnick.com
linda.Boyd@dlapiper.com

Dated: July 10, 2006
740327 / 27747-002

/s/ David E. Moore
Sarah E. DiLuzio, Esquire (#4085)
David E. Moore, Esquire (#3983)
1313 North Market Street
6th Floor, P.O. Box 951
Wilmington, Delaware 19801
(302) 984-6000 (general)
(302) 984-6147 (direct)
(302) 658-1192 (fax)
sdiluzio@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant,
Computer Sciences Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2006, the attached document was hand delivered to the following attorney of record and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

**BY HAND DELIVERY**

Jeffrey K. Martin, Esq.
Timothy J. Wilson, Esq.
MARGOLIS EDELSTEIN
1509 Gilpin Avenue
Wilmington, DE 19806

By: */s/ David E. Moore*
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
(302) 984-6000
dmoore@potteranderson.com

740299