IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BRIAN MILLER, et al.,            :
                                 :
      Plaintiffs,                :
                                 :
   v.                            :    Civil Action No. 05-10-JJF
                                 :
COMPUTER SCIENCES CORP.,         :
                                 :
      Defendant.                 :

---

Timothy James Wilson, Esquire, of MARGOLIS EDELSTEIN, Wilmington, Delaware.
Attorney for Plaintiffs.

Erica N. Finnegan, Esquire, of CROSS & SIMON, LLC, Wilmington, Delaware.
David Ellis Moore, Esquire, and Sarah Elizabeth DiLuzio, Esquire, of POTTER ANDERSON & CORROON, LLP, Wilmington, Delaware.
Of Counsel: Larry R. Seegull, Esquire, and Linda M. Boyd, Esquire, of DLA PIPER RUDNICK GRAY CARY US LLP, Baltimore, Maryland.
Of Counsel: Tyler Brian Raimo, Esquire, of COMPUTER SCIENCES CORP., Falls Church, Virginia.
Attorneys for Defendant.

---

**MEMORANDUM OPINION**

July 14, 2006
Wilmington, Delaware

*/s/ Joseph J. Farnan Jr.*
Farnan, District Judge.

Pending before the Court are Defendant's Motion For Summary Judgment (D.I. 97) and Defendant's Motion For Leave To File An Amended Answer (D.I. 105). For the reasons discussed, both motions will be denied.

## I. BACKGROUND

Defendant, an information technology services company, has an incentive program, known as the Annual Management Incentive Program ("AMIP"), whereby participants receive a percentage of their base salary if they meet certain objectives for the fiscal year.[1] AMIP's original purpose was to create incentives for upper-level management; however, more employees became involved as the company accumulated new employees from clients in connection with outsourcing transactions. Plaintiffs became Defendant's employees through an outsourcing transaction with DuPont. Following the changeover and until April 2003, Plaintiffs participated in AMIP and received annual bonuses. Plaintiffs contend that the AMIP bonus was a substantial portion of their annual salaries and was used to entice them to work for Defendant.

According to Defendant, fiscal year 2003 was difficult, and the company was forced to decrease the number of AMIP

---

[1] Defendant's fiscal year runs from April 1 through May 31 of each year. Fiscal year 2004 ran from April 1, 2003 through May 31, 2004.

1

participants. Plaintiffs were notified in September 2003 that they would no longer be participants. Plaintiffs filed their Complaint on December 13, 2004 in the Superior Court for the State of Delaware in and for New Castle County. Plaintiffs' Complaint alleges that Defendant violated the Delaware Wage Payment and Collection Act ("DWPCA") by withholding "the earned AMIP bonus of each of the Plaintiffs for the period of time from April 1, 2003 through and including the time of CSC's notice to each Plaintiff in September 2003." (D.I. 1, Ex. A). On January 10, 2005, the action was removed to this Court.

## II. PARTIES' CONTENTIONS

By its motions, Defendant contends that it should be permitted to amend its Answer to state that Plaintiffs' claims are barred by the one-year statute of limitations on claims for wages. Defendant further contends that Plaintiffs are not entitled to an AMIP bonus for fiscal year 2004 because they were never eligible to participate and did not know the criteria on which the bonus would be based.

In response, Plaintiffs contend that Defendant should not be given leave to amend because an amendment would unduly prejudice Plaintiffs. Alternatively, Plaintiffs contend that the statute of limitations has not expired because their cause of action did not accrue until after the close of the 2004 fiscal year. Finally, Plaintiffs contend that there are genuine issues of

2

material fact as to their DWCPA claim, and therefore, summary judgment is not warranted.

### III. DISCUSSION

A. <u>Whether The Court Should Grant Defendant Leave To Amend Its Answer</u>

Rule 15(a) of the Federal Rules of Civil Procedure provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." <u>Fed. R. Civ. P.</u> 15(a). The grant or denial of a motion to amend is within the discretion of the Court. <u>Zenith Radio Corp. v. Hazeltine Research</u>, 401 U.S. 321 (1971). However, the United States Supreme Court has cautioned that leave should be freely granted unless there is an apparent reason for denying a request such as: undue delay, bad faith, dilatory motive, undue prejudice, or futility of the claims. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Adams v. Gould, Inc.</u>, 739 F.2d 858 (3d Cir. 1984).

The Court will not grant Defendant leave to amend its Answer because Defendant's statute of limitations defense is futile. The DWCPA provides that "[a] civil action to recover unpaid wages and liquidated damages may be maintained in any court of competent jurisdiction." 19 Del. C. 1113. Bonuses, particularly "year-end bonus[es] based upon... performance," fall within the DWCPA's definition of "wages." <u>Seitz v. Siegfried Group</u>, 2001 Del. Super. LEXIS 364, *; 19 Del. C. §1101(a)(2). Under Delaware

3

law, a plaintiff's claim for wages is subject to Section 8111 of the Delaware Code, which provides:

> No action for recovery upon a claim for wages, salary, or overtime for work, labor or personal services performed or for damages (actual, compensatory or punitive, liquidated or otherwise), or for interest or penalties resulting from the failure to pay any such claim, or from any other benefits arising from such work, labor or personal services performed or in connection with any such action, shall be brought after the expiration of one year from the accruing of the cause of action on which such action is based.

10 Del. C. § 8111; Compass v. Am. Mirrex Corp., 72 F. Supp. 2d 462, 467 (D. Del. 1999).

Plaintiffs' sole claim is for a prorated amount of their AMIP bonuses under the DWCPA "for the period of time from April 1, 2003 through and including the time of CSC's notice to each Plaintiff in September of 2003." (D.I. 1 at Ex. A). Because Plaintiffs' claim is a claim for wages, the one-year statute of limitations applies, and the Court must determine when Plaintiffs' cause of action accrued.

In Delaware, the statute of limitations begins to run "when proper parties are in existence capable of suing and being sued, and a cause of action exists capable of being sued on forthwith." Plant v. Catalytic Constr. Co., 287 A.2d 682, 684 (Del. Super. 1972). Defendants contend that the statute of limitations began to run when Plaintiffs received notice that they were no longer AMIP participants in September 2003. However, Plaintiffs' claim is one for wages, and a cause of action for wages cannot accrue

4

until the employer fails to pay the wages. See e.g. Roos v. Delaware Valley Radiology, P.A., 1989 U.S. Dist. LEXIS 4023, at * 17-18 (D. Del. April 3, 1989) (cause of action accrued when defendant failed to pay plaintiff); Martinez v. Gastroenterology Assocs., 2005 Del. Super. LEXIS 233, at *5 (Del. Super. July 5, 2005) ("claim must be raised within one year of the employer's failure to pay"). Plaintiffs filed their Complaint in December 2004. Accepting March 31, 2004, the end of the 2004 fiscal year, as the earliest date on which the statute of limitations on Plaintiffs' claim began to run, the Court concludes that Plaintiffs filed before the statute of limitations had expired. Accordingly, the Court will deny Defendant's Motion For Leave To File An Amended Answer (D.I. 105).

B. Whether The Court Should Grant Defendant's Motion For Summary Judgment On Plaintiffs' Claim Under The DWCPA

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, a party is entitled to summary judgment if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In determining whether there are triable issues of material fact, a court must review all of the evidence and construe all inferences in the light most favorable to the non-moving party. Goodman v. Mead

5

Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976).

The Court concludes that genuine issues of material fact exist, and therefore, summary judgment is inappropriate. Defendant contends that Plaintiffs were not entitled to participate in AMIP because participation was never guaranteed and Plaintiffs never received the AMIP criteria. To demonstrate that participation was never guaranteed, Defendant has adduced evidence from the Employee Total Rewards Guide, which states that participation is reviewed each year and not guaranteed (D.I. 98 at A344, A346), and deposition testimony in which Plaintiffs acknowledge that participation is not guaranteed (D.I. 98 at A66-67, A128-29, A250, A282). Defendant has also put forth evidence that Plaintiffs never received the AMIP criteria. (See e.g. D.I. 98 at A6-7, A67, A133). Defendant argues that in order to be eligible for AMIP for fiscal year 2004, Plaintiffs would need to receive and act in conformity with the criteria.

In response, Plaintiffs contend that, while participation was not guaranteed, Defendant failed to adhere to its policy of annual review and that employees were in the program unless they were given notice of removal within weeks of the beginning of a new fiscal year. (D.I. 101 at B542-43, D.I. 102 at B993, B1045-46, B1103). Plaintiffs further contend that receipt of the criteria was not a prerequisite to participation in AMIP. In support of this contention, Plaintiffs have put forth evidence

6

that as a rule, employees, even those considered participants, were not informed of the AMIP criteria until sometime during the fall of the fiscal year. (See e.g. D.I. 100 at B231, B318). Plaintiffs' deposition testimony shows that the criteria changed very little from year to year, and therefore, Plaintiffs generally knew what was required to earn a bonus until they received the specifics later in the fiscal year. (D.I. 101 at B409, B547, B839). Finally, there is evidence that certain employees who have lost or lose their status as AMIP participants have received or can receive prorated portions of their AMIP bonuses. (D.I. 101 at B485-87, D.I. 98 at A344).[2]

As the evidence adduced by Plaintiffs and Defendant demonstrates, there are genuine issues of material fact relating to whether Plaintiffs are entitled to AMIP payments for April 1, 2003 to the time they received notice that they were no longer participating in the program. Accordingly, the Court will deny Defendant's Motion For Summary Judgment (D.I. 97).

## IV. CONCLUSION

For the reasons discussed, Defendant's Motions will be denied. An appropriate Order will be entered.

---

[2] The Employee Total Rewards Guide does state that participation may vary from year to year. (D.I. 98 at A344, A346). It also lists certain circumstances in which an employee may be given a prorated amount. (D.I. 98 at 344). It does not specifically state how a situation like Plaintiffs' is handled, however.